# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MISTRESS MILLER NORMA JEAN, | ) | CASE NO. 5:13 CV 1838 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| STATE OF THE UNITED STATES, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On August 21, 2013, *pro se* plaintiff Mistress Miller Norma Jean, filed this action against the State of the United States, the State of Pennsylvania, the State of Ohio, the Vatican City State, and the Church of Rome. The Complaint is rambling and incoherent, but it appears that Plaintiff is seeking a divorce decree. Plaintiff also filed an application to proceed *in forma pauperis* in this action. The application is hereby granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A cause of action fails to state a claim upon which relief may be granted

when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). Even given the most liberal construction, the Complaint does not contain allegations remotely suggesting Plaintiff might have a valid federal claim, or even that there is a reasonable basis for this Court's jurisdiction. Indeed, the federal courts have no jurisdiction over actions that are in essence domestic relations disputes. *McLaughlin v. Cotner*, 193 F.3d 410, 412 (6th Cir. 1999); *Firestone v. Cleveland Trust*, 654 F.2d 1212, 1215 (6th Cir. 1981). This case is therefore appropriately subject to summary dismissal. *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims)).

Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

    IT IS SO ORDERED.


Date: October 28, 2013         */s/ John R. Adams*
                 JOHN R. ADAMS
                 UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides, "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."